Paramjit SINGH, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71640.

Agency No. A75–304–277.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Paramjit Singh, Sunnyvale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Michelle E. Gorden, Jennifer Lightbody, DOJ—U.S. Department of Justice Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Paramjit Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because the IJ

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

identified a material inconsistency between Singh's declaration and testimony that goes to the heart of his asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). It was reasonable, therefore, for the BIA to consider the fact that Singh did not submit corroborating evidence regarding his membership in the All India Sikh Student Federation. *See id.* at 1044.

Because Singh failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

To the extent that Singh is moving to remand this case to the BIA for consideration of new facts related to his marriage to a United States citizen, we lack jurisdiction to consider this unexhausted claim. *See Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999). Singh may, however, raise this claim before the BIA in the form of a motion to reopen. *See id.* We will stay our mandate for a period of 90 days to allow Singh the opportunity to file a motion to reopen with the BIA. *See id.*

**PETITION FOR REVIEW DENIED. MANDATE STAYED for 90 days.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.